In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00080-CR


______________________________




HAROLD JOE LUCE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 00-F-0585-202




 






Before Morriss, Ross, and Grant,* JJ.

Opinion by Justice Grant



______________

*Ben Z. Grant, Justice, Retired, Sitting by Assignment


O P I N I O N



 Harold Joe Luce appeals his conviction by a jury for failure to appear, enhanced by two prior
felony convictions. The jury assessed his punishment at fifty years' imprisonment, and the trial court
ordered his sentence to run consecutively with a sentence he is serving for a prior felony conviction.

 Luce contends the trial court erred in admitting evidence of an extraneous act. He also
contends the trial court erred in refusing to include an instruction in the jury charge regarding his
defense of "reasonable excuse."

 The evidence showed that Luce pleaded guilty to theft on July 21, 2000. He was released on
a personal recognizance bond, pending his sentencing on July 28, 2000, on the condition he appear
in court that day. Luce failed to appear for his sentencing hearing on July 28. He was arrested on
August 11, 2000, in Washington State, about twenty miles south of the Canadian border. 

 Luce contends the trial court erred in admitting evidence regarding where he was captured. 
At a pretrial hearing, Luce presented a Motion in Limine requesting the trial court to "instruct the
prosecutor not to be allowed to mention . . . that at some time, some point after July 28, 2000, [Luce]
was located near the Canadian border." The trial court denied his motion. At trial, the State
presented evidence, without objection, that Luce was arrested on August 11, 2000, in Bellingham,
Washington. 

 Luce contends this evidence was inadmissible under Rules 403 and 404(b) of the Texas Rules
of Evidence. See Tex. R. Evid. 403, 404(b). However, he did not raise this objection to the trial
court; therefore, it is not preserved for our review. See Tex. R. App. P. 33.1(a).

 Luce contends the trial court's overruling of his Motion in Limine is sufficient to preserve
the issue. However, it is well settled that the denial of a motion in limine is not sufficient to preserve
error for review, but rather there must be a proper objection to the proffered evidence. McDuff v.
State, 939 S.W.2d 607, 618 (Tex. Crim. App. 1997); Robison v. State, 35 S.W.3d 257, 263 (Tex.
App.Texarkana 2000, pet. ref'd).

 Luce also contends the trial court erred in refusing his requested jury charge regarding his
defense of reasonable excuse. At the conclusion of the guilt/innocence phase, Luce requested the
following instruction: "It's a defense to the prosecution under this section that an actor had a
reasonable excuse for his failure to appear in accordance with the terms of his release." 

 "A person lawfully released from custody, with or without bail, on condition that he
subsequently appear commits an offense if he intentionally or knowingly fails to appear in
accordance with the terms of his release." Tex. Pen. Code Ann. § 38.10(a) (Vernon 2003). It is a
defense to prosecution that the defendant had a reasonable excuse for his or her failure to appear. 
Tex. Pen. Code Ann. § 38.10(c) (Vernon 2003).

 The issue of the existence of a defense is not submitted to the jury unless evidence is
admitted supporting the defense. Tex. Pen. Code Ann. § 2.03(c) (Vernon 2003). However, when
the evidence raises a defensive issue, the defendant has a right to an instruction whether the evidence
is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may
not think about the credibility of the evidence. Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim. App.
1999). The rule is designed to ensure that the jury, not the judge, will decide the relative credibility
of the evidence. Id.

 Luce testified that the evening before he was to be sentenced, he "went out and got -- did a
lot of drugs and drinking." He testified he did "quite a bit of cocaine" and "a lot of drinking" and
was "more or less . . . out there for a couple of days." He testified it was three days later before he
"got [his] head about halfway straight." 

 Regarding the first excuse, the Texas Penal Code does not permit the results from voluntary
intoxication as a defense. Section 8.04(a) provides that voluntary intoxication does not constitute
a defense to the commission of a crime. Tex. Pen. Code Ann. § 8.04(a) (Vernon 2003). Luce's
testimony establishes that he "did a lot of drugs and drinking," that he did "quite a bit of cocaine"
and "a lot of drinking," and that he was "more or less . . . out there for a couple of days." Under
Section 8.04(d), intoxication means disturbance of mental or physical capacity resulting from the
introduction of any substance into the body. Reading Section 8.04(a) in harmony with
Section 38.10(c), which outlines the reasonable excuse defense, an excuse that relies on voluntary
intoxication cannot be a reasonable excuse under the Texas Penal Code as a matter of law.

 The trial court sustained the State's hearsay objection when Luce attempted to testify about
a purported threat made by a Bowie County assistant district attorney that she would seek a life
sentence against him if he failed to appear at his sentencing hearing. This testimony was not hearsay,
because it was not introduced for the truth of the matter stated, i.e., that the Bowie County assistant
district attorney was going to seek a life sentence against Luce, but it was introduced to show that
the threat was made by the assistant district attorney. Furthermore, if it had fallen in the category
of hearsay, in this case, it would have applied to Luce's state of mind and therefore was an exception
to the hearsay rule. At a hearing outside the jury's presence to establish his offer of proof, Luce
testified he woke up late on July 28 and realized he missed his sentencing hearing. He testified he
remembered the purported threat made by the Bowie County assistant district attorney. He testified
that fear of a life sentence precipitated his engaging in a weekend binge of drinking and drug use. 

 As a rebuttal witness, the State called Captain Ronnie Sharp, who testified Luce told him the
reason he failed to appear for his sentencing hearing is that 

 [S]ome members of the jail staff and/or the Bowie County Sheriff's Office had scared
him about the amount of time that he would have to do, and that even after he had
pled guilty and received his punishment, that he was scared that the agreement would
not be kept, and, in his words, he just had to go. 


 Luce contends the evidence raised the issue of whether he had a reasonable belief that if he
appeared for his sentencing hearing, he would receive a life sentence. However, the evidence
arguably raises the reasonable excuse defense in two ways. First, Luce testified he overslept, the
result of a night of drinking and drug use. Second, Luce testified he awoke on July 28, realized he
was late for his sentencing hearing, and remembered the assistant district attorney's threat to pursue
a life sentence against him. Captain Sharp also testified Luce told him that some members of the
jail staff and/or the sheriff's office scared him into believing the State would not keep the plea
bargaining agreement.

 When the evidence raises it, as we have previously stated, the jury decides the credibility of
the evidence, and the evidence raises the issue of reasonableness whether it is weak or strong,
unimpeached or contradicted, and regardless of what the trial court may or may not think about its
credibility. Whether a defense is reasonable is generally a matter for the jury. Included in the jury's
determination is whether the defendant actually relied on the reason he or she gave for not appearing
in court. However, not every purported reason given by a defendant can be considered an excuse
under the law. An excuse is "[a] reason that justifies an act or omission or that relieves a person of
a duty." Black's Law Dictionary 588 (7th ed. 1999). A reason that is unrelated to the defendant's
failure to appear cannot be considered an excuse. For example, if the defendant said there was a full
moon the night before or that he or she did not believe in leaving his or her house on Tuesdays, these
could not be excuses that would justify his or her failure to appear in court. Luce's first matter raised
as an excuse for his failure to appear cannot be considered as a legal excuse. The record shows that
at the time Luce contended he feared he would get a life sentence based on the assistant district
attorney's threat, he had already failed to appear. Inasmuch as this occurred after he had missed his
sentencing hearing, it cannot logically be the basis for his missing his sentencing hearing.

 The testimony of Captain Sharp put into evidence that Luce had told him he failed to appear
because he was concerned the State would not keep the plea bargaining agreement. According to
Luce, this fear was based on comments made by members of the jail staff or sheriff's office, or both. 

 Another category of reasons that would not be legally recognized as a basis for not appearing
for trial would be situations in which the defendant did not appear because he or she feared to appear
in court, did not trust the court, did not believe in court proceedings, or believed that he or she
would be punished if he or she appeared in court. Even though such reasons may be relied on by a
defendant, they cannot be recognized by the court as legal bases for not attending. If such excuses
were recognized, then courts could no longer function and require attendance.

 Luce's statement to Captain Sharp that he feared the trial court would not keep its agreement
because of comments made by jail staff or the sheriff's office, or both, does not establish an excuse
that can be recognized as a basis for failure to attend the court proceeding.

 The trial court did not err in failing to charge the jury on the defense of reasonable excuse,
because the matters raised were not excuses as a matter of law. This point of error is overruled.


 We affirm the judgment of the trial court.




 Ben Z. Grant

 Justice*


*Justice, Retired, Sitting by Assignment



Date Submitted: July 16, 2002

Date Decided: March 7, 2003


Publish